Filed 12/29/14  P. v. Ramirez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C075549 |
| v. | (Super. Ct. No. 13F04890) |
| RAYMOND MICHAEL RAMIREZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Raymond Michael Ramirez asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) After reviewing the entire record, we shall order correction of one minor error in the abstract of judgment and affirm the judgment.

FACTUAL AND PROCEDURAL HISTORY

*Prosecution Case-in-Chief*

On July 31, 2013, 16-year-old Jasmine F. was at Hagan Park with her younger brothers. Jasmine saw a man and a woman, whom she assumed were a couple, arguing. They were approximately 40 feet from Jasmine when she saw them. Jasmine began moving away from the man and woman and looked away from them. When she looked

1

back, she saw the man "beating" the woman. Using his fists, he threw 10 to 12 punches at her and knocked her to the ground. He struck "her face a lot" and struck her "a couple times in her stomach."[1] The man struck the woman two more times after she had fallen to the ground. Then the man fled and Jasmine lost sight of him.

Jasmine went over to the woman and asked if she was okay. The woman told Jasmine she had fallen and had hit a tree. Jasmine had not seen the woman fall except the one time after the man had beaten her.

Jasmine began to care for the injured woman. The woman told Jasmine, "Don't say anything. Don't say anything. I fell."

Jasmine borrowed a cellular telephone and called 911. Jasmine did not tell the 911 operator about the man beating the woman. Instead, she told the operator the woman had fallen.

More than five minutes after the assault, while Jasmine was on the telephone with the 911 operator, the man who had beaten the woman returned and stayed with her. Jasmine told the operator the woman referred to the man who was with her as her husband. When the operator inquired of Jasmine about the woman's age, the man said she was "24." At trial, Jasmine identified the man who had beaten the woman as defendant.

When emergency responders arrived on the scene, Jasmine spoke privately with one of them and told him everything that had happened. Then, when the police arrived at the scene, Jasmine told them everything she had witnessed. She observed a police officer speaking to the man who had beaten the woman.

---

[1] At trial, Jasmine testified she recalled telling police officers and the prosecutor about the punches to the arms and stomach. But the parties stipulated that (1) when interviewed by police, Jasmine had not mentioned the man had hit the woman's arms and stomach; and (2) when the prosecutor prepared Jasmine to testify, Jasmine had not mentioned the man hitting the woman's arms and stomach.

Sacramento County Sheriff's Deputy Doug Wiedman responded to the incident at the park. Defendant told Wiedman that the injured woman, whom he identified as Melissa, was his wife; they had slept in the park the previous night; and they were transient. Defendant said he and Melissa had been arguing for several days. On the day of the incident they had argued about the dog they had with them and he had walked away from Melissa to avoid a physical confrontation. Defendant said Melissa had been yelling at him and suddenly she stopped. When defendant turned around, he saw Melissa lying on the ground and bleeding. Defendant denied hitting Melissa and had no idea how she had been injured. Defendant had dried blood on his shorts and fresh blood on his bandana. He did not have any injures on his hands.

Melissa was treated at a medical center for a broken nose and lacerations on her nose. She also was treated for auricular hematoma, an injury caused by a direct blow to her ear.

Deputy Wiedman took defendant into custody. Defendant asked whether Melissa wanted to press charges against him.

Sacramento County Sheriff's Deputy John Lopes conducted the crime scene investigation. Lopes photographed Melissa's injuries while she was at the medical center. The photographs depicted injuries to the head and arms. No injuries to the stomach or torso were visible.

Defendant was photographed at the jail. He did not have any injuries on his hands.

Sacramento County Sheriff's Detective Kevin Warren contacted Jasmine on September 5, 2013, and showed her a photo lineup from which she selected defendant as the man who had assaulted the woman at the park on July 31, 2013.

### Defense

The defense rested without presenting testimony or other evidence.

3

### *Jury Verdict and Sentencing*

A jury found defendant guilty of infliction of corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a); count one)[2] and assault by force likely to produce great bodily injury (§ 245, subd. (a)(4); count two).

Defendant was sentenced to prison on count one for the middle term of three years; sentence on count two was stayed pursuant to section 654. Defendant was awarded 141 days' custody credit and 141 days' conduct credit (*id.*, § 4019) and ordered to pay a $280 restitution fine (*id.*, § 1202.4), a $280 restitution fine suspended unless parole is revoked (*id.*, § 1202.45), an $80 court operations fee (*id.*, § 1465.8, subd. (a)(1)), a $60 court facilities assessment (Gov. Code, § 70373), a $382.22 main jail booking fee, and a $61.75 main jail classification fee (Gov. Code, § 29550.2).

### DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

Defendant's appellate counsel notes a minor error on the abstract of judgment. The abstract fails to note that the booking and classification fees were imposed pursuant to Government Code section 29550.2. We order correction of the abstract.

---

**2**      Undesignated statutory references are to the Penal Code.

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment to reflect that booking and classification fees were imposed pursuant to Government Code section 29550.2. The court shall forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


                                                         HOCH     , J.


We concur:


    NICHOLSON   , Acting P. J.


         MAURO     , J.